UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CUMBERLAND MARKET 2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 12-146-GFVT |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Cumberland Market 2 ("Cumberland Market") claims that a 2011 flood not only washed away the majority of its inventory, but the waters ultimately took the store's ability to participate in the Supplemental Nutrition Assistance Program ("SNAP") as well. Cumberland Market has restocked its shelves, and now petitions this Court to issue a preliminary injunction in its favor and order the United States Food and Nutrition Service ("FNS") to reinstate its participation in SNAP pending further litigation. The United States responds that a preliminary injunction is not appropriate because Cumberland Market's failure to follow the proper procedures set forth in 7 U.S.C. § 2023(17), deprives this Court of subject matter jurisdiction. Further, the United States counters with its own motion to dismiss, or in the alternative to grant summary judgment in its favor, because in the absence of subject matter jurisdiction, this Court is without power to entertain this action.

Though the Court is not unsympathetic to Cumberland Market's difficulties in the face of disaster, its procedural deficiencies render this Court without subject matter

1

jurisdiction.  As a result, no preliminary injunction shall issue and summary judgment shall be entered in favor of the United States.

## I.

Cumberland Market describes itself as a retail food store that services a substantial population of poor citizens in an underserved area of Bell County, Kentucky. [R. 4-1 at 2].  As a result, many of Cumberland Market's customers rely on it to use their SNAP benefits in acquiring food.  [*Id*].  In June of 2011, a "sudden and devastating flood" swept four feet of water into Cumberland Market resulting in a complete loss of its inventory. [*Id*].  Though admitting that it had not fully restocked, Cumberland Market reopened its doors in August of 2011 to meet the needs of its struggling community.  [R. 4-1 at 2-3].

On August 26, 2011, a representative of the the United States Department of Agriculture visited Cumberland Market to monitor the store's compliance with SNAP regulations.  During the investigation, the Department of Agriculture found that the store lacked the requisite variety and volume in the staple food category of "Meats/Poultry/Fish." [R. 4-1 at 3].  Cumberland Market does not deny that it was out of compliance in this area at the time of the inspection, but maintains that the flood damage from two to three months earlier justifies its inventory deficiencies and that it is now fully stocked.

Unaffected by the circumstances surrounding the flood, the Southeast Regional Office's Administration Center notified Cumberland Market by letter dated October 18, 2011, that its eligibility in SNAP could be terminated because its failure to provide the requisite "Meat/Poultry/Fish" items on a continuous basis.  [R. 4-1 at 3].  On November

25, 2011, the agency informed Cumberland Market that it was, in fact, being withdrawn from participation as an authorized SNAP retail food store. Cumberland Market requested and received an administrative review, but the Administrative Review Officer upheld the agency decision by letter and Final Agency Decision dated May 9, 2012. Though the letter and decision are part of the record, the parties have some dispute over their contents, specifically whether or not they informed Cumberland Market that it had only 30 days to file for judicial review of the Final Agency Decision.

Whether or not Cumberland Market received notice of the 30 day window for appeal, the parties agree that on May 11, 2012, the store received notice that its rights to participate in the SNAP program had been revoked and that Cumberland Market did not file its petition for judicial review until June 25, 2012, well past the thirty day deadline. The United States argues that this procedural error renders success on the merits impossible because it robs this Court of subject matter jurisdiction, and Cumberland Market's appeal should therefore be dismissed. Cumberland Market maintains that judicial review is available and it has a likelihood of success on the merits in part because the 30 day limitation period should be equitably tolled.

## II.

When the Department of Agriculture revokes a retail food store's right to participate in SNAP, 7 U.S.C. § 2023 provides the procedures for judicial review and restoration of rights. Specifically, the statute states as follows:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or

3

>service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. § 2023(a)(13).  While this petition for judicial review is pending, the action taken by the administrative agency remains in force unless, "after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal." 7 U.S.C. § 2023(a)(17).  However, if a store fails to timely file a petition for judicial review within the 30-day period, the FNS determination becomes final.  7 U.S.C. § 2023(a); 7 C.F.R. § 279.10(a).

The threshold question in this case lies at the intersection of these statutory provisions:  does Cumberland Market's failure to timely file its claim within the thirty day window provided by the statute bar the store from now obtaining a stay or any judicial review by this Court.  An answer in the negative would entitle Cumberland Market to proceed with its argument that this Court should stay the agency action because the store has a likelihood of success on the merits of its underlying action for judicial review and irreparable harm would be done in awaiting ultimate relief in that action.  However, an answer in the affirmative not only undermines the petition for a preliminary injunction, but is also fatal to the entire claim.

Cumberland Market argues that, although it filed its petition to stay the action after the thirty day time window, the Court need not find the case time barred because the rule of equitable tolling applies.  In support, Cumberland Market relies heavily on the Supreme Court's decision in *Irwin v. Department of Military Affairs*, 498 U.S. 89 (1990).  In *Irwin*, the Court considered whether a Title VII statute of limitations could be equitably tolled and held that, "the same rebuttable presumption of equitable tolling

4

applicable to suits against private defenders should also apply to suits against the United States." *Id*. at 95.  The Sixth Circuit has recognized that this language in *Irwin* set forth a general rule and "unless Congress provides otherwise, a statute of limitations for suits against the government is subject to equitable tolling*.*" *Glarner v. U.S. Department of Veterans Admin.*, 30 F.3d 697 (1994) (citing *Irwin*, 498 U.S. at 95).  One district court has also relied exclusively on *Irwin* in finding that the time limitation of § 2023(a)(13) may be equitably tolled.  *Dunne v. United States Dep't of Agric.*, Civ. No. 91-022, 1991 WL 42573 at *2 (E.D.La. 1991).

"Some statutes of limitations, however, seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as…. limiting the scope of a governmental waiver of sovereign immunity, see, *e.g., United States v. Dalm,* 494 U.S. 596, 609–610, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990)." *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 133-134 (1990).  The Supreme Court "has often read the time limits of these statutes as more absolute, say as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period." *Id*. (citing *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006)).

There are at least two situations in which the Supreme Court has found the presumption of equitable tolling to be rebutted:  "First, deadlines that define Court's jurisdiction may not be equitably tolled.  Second, equitable tolling will not apply where there are other indications that Congress intended to preclude it."  *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004) (citing *Sorriano v. United States*, 532 U.S. 270, 276 (1957); see also *Gonzalez v. United States*, 675 F.Supp.2d 260, 265 (D.R.I.

5

2009). The Sixth Circuit has also recognized that when time limits are jurisdictional in nature, a failure of the plaintiff to act within the requisite period of time, "deprives the court of the power to proceed," which would include the ability to toll the statute of limitations. *Chesterfield Market, Inc., v. United States*, 469 F. Supp.2d 485, 488 (E.D.Mich 2007) (collecting Sixth Circuit Cases).

One reason that a jurisdictional time limit cannot be tolled by courts is bound up in the doctrine of sovereign immunity. A claim against the United States is barred absent a waiver of sovereign immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Such waiver must be unequivocally expressed in the statutory text and cannot be implied. *United States v. King*, 395 U.S. 1, 4 (1969); *Lane v. Pena*, 518 U.S. 187, 192 (1996); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that federal courts have no subject matter jurisdiction to hear a claim against the United States or one of its agencies absent a clear waiver of sovereign immunity). Further, when the United States does clearly waive its sovereign immunity, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1979). Thus, when a time limitation is made one of the terms and conditions of the United States' waiver of its sovereign immunity, it also limits a court's power to toll that time limitation upon the failure of a party to comply therewith.

Though the Sixth Circuit has not had the opportunity to expressly decide whether §2023(a)(13) of the Food Stamp Act is jurisdictional, Cumberland Market concedes that the overwhelming majority of courts which have considered the issue have found that it did, in fact, use jurisdictional language and was therefore a jurisdictional provision. [R. 10 at 6]. In *Chesterfield Market, Inc., v. United States*, a district court in this Circuit

found that, "Because Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision disqualifying a Food Stamp Program participant, courts do not have jurisdiction to entertain challenges brought later." 469 F.Supp.2d 485, 486 (E.D.Mich 2007); *see also Paradise Foods v. United States*, No. 05-73378, 2006 WL 903615 (E.D.Mich. April 7, 2006). In *Reason v. Heslin*, the district court found, "it is important to note that this statutory thirty day deadline for judicial review is not a statute of limitations that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the United States in this court." 723 F.Supp. 1309, 1311-12 (S.D. Ind. 1989) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1212 (1969). In *Gonzales v. United States*, the district court joined the majority of courts that had decided "Section 2023(a) of the Food Stamp Act is jurisdictional," and found that this, "conclusion is also supported by the express language of the statute, which speaks in jurisdictional terms." 675 F.Supp.2d 260, 265 (D.RI. 2009) (citing *Singh v. United States Dep't of Agric.*, Civ. No. 07-C-1156, 2008 U.S. Dist. LEXIS 57876 (E.D.Wis. July 30, 2008)); *see also Simaan v. Veneman*, 349 F.Supp.2d 967, 971 (M.D.N.C. 2004) ("The statutory 30-day deadline for judicial review is not a statute of limitations that may be equitably tolled"); *United States v. Lancmanm* Civ. No. 4-95-880, 1998 WL 315346, *6 (D.Minn. 1998); *Menedez & Dejesus Grocery v. United States Department of Agriculture*, Civ. No. 1099, 197 WL 250458 (S.D.N.Y. May 7, 1997).

The language of the statutory text demonstrates why such agreement exists among district courts. Again, 7 U.S.C. § 2023(13) states as follows:

> If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint

7

>against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, *within thirty days after the date of delivery or service of the final notice of determination upon it*, requesting the court to set aside such determination.

(emphasis added). In this statute, Congress waives its sovereign immunity, allowing suit against the United States in circumstances where a store believes itself aggrieved by a FNS decision. However, this waiver is expressly conditioned upon the filing of the complaint within thirty days after receiving final notice of the agency action. As Congress has cast 7 U.S.C. § 2023(a)(13) in these jurisdictional terms, the time limitation contained therein cannot be equitably tolled. After the thirty day window has passed, the United States is once again immune from suit under § 2023 and courts are without jurisdiction to review the action of the agency. As stated the relevant regulation, 7 C.F.R. § 279(a), a complaint must be filed "within 30 days after the date of delivery or service…otherwise the determination shall be final."

Because § 2023(a)(13) is cast in jurisdictional terms, simple arithmetic ends the case. It is undisputed that Cumberland Market received notice on May 11, 2012 that its rights to participate in the SNAP program had been revoked. The statute waived the United States' sovereign immunity for the next thirty days, allowing Cumberland Market to seek judicial review of the agency's decision. Cumberland Market requested judicial review on June 25, 2012, and because that is more than thirty days after the receipt of notice, the United States was no longer amenable to suit in this matter. As a result, this Court has no jurisdiction to take action based on Cumberland Market's claim.

Even if § 2023(a)(13)'s time limitation was not jurisdictional, Cumberland Market would be unable to demonstrate that equitable tolling is available in its case.

8

Cumberland Market argues that equitable tolling is appropriate when the plaintiff, "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." [R. 10 at 7 (citing *Irwin*, 498 U.S. 89, 96)]. Cumberland Market claims that it was tricked into missing the deadline because it did not receive the required statement of judicial review. [R. 10 at 9].

The record does not agree with Cumberland Market's argument. In its notice of removal, the United States produced a copy of the May 9, 2012 letter notifying Cumberland Market that it was being withdrawn from participation in SNAP. [R. 1-1 at 30]. In this letter, the Administrative Review Officer references a "statement regarding your rights to judicial review" that was included in the enclosed Final Agency Decision. *Id*. That information was later presented in the "Rights and Responsibilities" section of the Final Agency Decision, wherein FNS stated:

> Your attention is called to Section 14 of the Food and Nutrition Act (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR 279.7) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the state having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (days) of receipt of this Decision.

[R. 1-1, at 35]. It is clear from the record that the agency's letter and final decision provided adequate notice of the judicial review time limitations and in no way constituted trickery sufficient to merit equitable tolling even if it were available.

Because the United States has submitted and the Court has had the opportunity to consider the exhibits attached to its motion, the motion should be considered as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b); *Smith v. Snyder*, No.Civ.A 05-CV-325-JBC, 2006 WL 379516, *8 (E.D.KY Feb. 15, 2006). A

court should grant summary judgment under Rule 56 only if there is, "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.56(c); see also *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

Because the time limitation of 7 U.S.C. § 2023(a)(13) is cast in jurisdictional terms, equitable tolling is not available and sovereign immunity precludes suit by Cumberland Market more than thirty days after it received notice that the agency had revoked its right to participate in SNAP. There is no factual dispute that Cumberland Market filed its claim for judicial review more than thirty days after receiving such notice. Therefore, Cumberland Market is not only unable to demonstrate a likelihood of success on the merits to justify a preliminary injunction, but the United States is entitled to judgment as a matter of law on the store's claim.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Cumberland Market's Motion for Preliminary Injunction [R. 4] is **DENIED**;

(2) The Motion of the United States for Summary Judgment [R. 9] is **GRANTED**;

(3) Judgment shall be entered contemporaneously with this Order; and

(4) This case shall be **STRICKEN** from the active docket.

This 9th day of January, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge